■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. WILLIAM E. SWEENEY, Appellant.— Judgment unanimously affirmed. Memorandum: In October, 1966 appellant was convicted with two codefendants of three counts of robbery, first degree. In June, 1968 we affirmed the judgments as to the codefendants (*People* v. *De Coursey,* 30 A D 2d 775; *People* v. *Turpyn,* 30 A D 2d 777). Thereafter *People* v. *Jackson,* (22 N Y 2d 446) was decided wherein it was held (p. 450) that " when two or more defendants are tried jointly, a confession given by one defendant which inculpates a codefendant may not be received in evidence unless ' all parts of the extrajudicial statements implicating [the latter] can be and are effectively deleted ' [citing cases]. Where such effective redaction is not possible, where a defendant's admission of guilt is ' so interrelated in the involvement of an accomplice as to render it impossible for practical purposes to separate them ' [citing case] a joint trial must be eschewed and separate trials directed." Here the codefendant, Turpyn, alone made an inculpatory statement which was received (after redaction) only against him. Suffice it to say that despite the use of letters as substitutes for names the codefendants doubtless were identifiable to the jury. Normally, *People* v. *Jackson* (*supra*) would mandate a reversal of this judgment. We conclude, however, for reasons to be stated, that appellant (and codefendant, De Coursey) as a matter of trial strategy elected not to move for separate trials when the oppor-

tunity was presented prior to commencement of the trial. It follows that they may not now be heard to complain because the trial tactic went awry. Some two weeks before the joint trial commenced counsel for Turpyn, who had made the statement, moved for a severance so that his client could receive a prompt trial. Respective counsel for the codefendants were present when the motion was made and decided. In the course thereof the court pointedly inquired " Is there any question about an alleged confession or statement by one of these defendants prejudicing the trial of the others if they are tried together?" While counsel for De Coursey ambiguously remarked that Turpyn's statement would be objectionable to the other defendants no motion was made by counsel for either appellant or De Coursey for a separate trial. Moreover, both counsel had been present at an earlier hearing given Turpyn on the issues of voluntariness of his statement and they were entirely familiar with the contents of the so-called confession. In ultimately denying in open court Turpyn's motion for a severance the court stated that the decision was made " in the absence of any application for a separate trial on some other ground than the one urged " — namely, Turpyn's claim that he was entitled to a speedy trial. It was only near the end of the joint trial and after counsel for appellant and De Coursey had heard the complainant positively identify their clients as the robbers that the motions for separate trials were made when Turpyn's statement was marked for identification. Lastly, both appellant and De Coursey as trial witnesses denied participation in the crime and called witnesses in an attempt to prove that they were elsewhere at the time. We conclude that appellant effectively waived his right to a separate trial; that the failure so to move when such action was practically invited by the court prior to trial was a part of appellant's trial strategy to establish that Turpyn was the instigator and planner of the crime with two other individuals who were not appellant and De Coursey. (Appeal from judgment of Monroe County Court convicting defendant of robbery, first degree and grand larceny, first degree.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Marsh, JJ.