■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEDDA FOGEL, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Weiner, J.), rendered May 21, 1982, convicting her of two

counts of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new *Wade* hearing and trial ordered. The charges in this case involve an alleged confidence scheme perpetrated on two unsuspecting victims. In our view reversal is mandated because of numerous errors committed both at a *Wade* hearing and at trial. Serious error occurred during the prosecution's summation which included numerous improper and inflammatory comments best illustrated by the following: "MR. GOLDSTEIN [prosecutor]: Hedda Fogel [defendant] has tried to con, to flimflam 15 people that have been in this room. The first one was Niru Thakkar and con she did. She conned Niru Thakkar out of $900 to $1,000 and out of $3,500 in jewelry. The second person she tried to con was Louise Carraway and con she did. She conned Louise Carraway out of $4,000. Numbers 3 through 15 are you. She is at this point trying to con you, the members of the jury. MR. FINKEL [defense counsel]: Objection, your Honor. THE COURT: The objection is sustained. MR. GOLDSTEIN: Don't let Hedda Fogel get away with conning Niru Thakkar. MR. FINKEL: Objection, your Honor. MR. GOLDSTEIN: Don't let — THE COURT: The objection is overruled. MR. GOLDSTEIN: Don't let Hedda Fogel get away with conning Louis Carraway and certainly do not let Hedda Fogel get away with conning you — MR. FINKEL: Objection. MR. GOLDSTEIN: — the members of the jury. THE COURT: Sustained. It should be stricken. MR. GOLDSTEIN: The only way to stop Hedda Fogel is at this time for you, the members of the jury, to find her guilty of the two charges before you. Thank you." The prosecutor clearly exceeded the bounds of propriety by repeatedly straying outside the four corners of the evidence (see *People v Ashwal,* 39 NY2d 105). The prosecutorial misconduct in the case at bar is particularly egregious because the improper comments persisted throughout the summation even after the court sustained numerous objections (see *People v Alicea,* 37 NY2d 601). Several additional errors occurred during the *Wade* hearing. The court improperly allowed the prosecution to withhold relevant *Rosario* material (*People v Malinsky,* 15 NY2d 86). We reject the People's contention that the error was harmless because the requested material was duplicative (see *People v Consolazio,* 40 NY2d 446, 454-455, cert den 433 US 914). The court also erred when it refused repeated requests by defendant to call in an interpreter during direct and cross-examination of one of the complainants who had difficulty understanding English. The prosecution succeeded in eliciting direct testimony primarily by asking, over objection, a series of leading questions. By contrast, the defense was frustrated during cross-examination because the witness allegedly could not understand the questions posed. When the witness was unresponsive after repeated attempts to elicit her answers the court directed counsel to continue without a response. Although the right to cross-examine is not unlimited, in our view, the questions posed were relevant and not meant to harass, annoy, humiliate or endanger the witness (see *People v Stanard,* 42 NY2d 74, 83-84). Accordingly, the court should have granted defendant's request to call in an interpreter for this witness. We note that the same error was repeated at trial. One final error worth noting concerns the testimony of five police officers unconnected to the specific charges involved herein. Technically, their testimony was relevant to the issue of identification but in our view the probative value of the evidence was slight compared to the possible prejudice to the accused (see *People v Allweiss,* 48 NY2d 40, 47; *People v Condon,* 26 NY2d 139). For the reasons stated above we conclude that there must be a new *Wade* hearing and a new trial. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.