OPINION OF THE COURT

Per Curiam.

This is a review of a determination that petitioner, a Town Court Justice in the Town of Mount Kisco, engaged in such misconduct that he should be removed from office. The members of this court agree that petitioner should no longer be allowed to serve in a judicial position.
In the early evening of October 25, 1981, petitioner entered a Mount Kisco tavern for a meeting with the business’s owner, who was one of petitioner’s legal clients. While he was in the bar, petitioner had a confrontation with some of the other patrons, primarily several black men. A heated exchange occurred, during which petitioner admittedly used abusive and profane language. Petitioner loudly proclaimed that he was a judge and announced what he would do if any of the black patrons appeared before him in court. The evidence, which includes testimony by a number of witnesses, establishes that petitioner embellished his threatening remarks with racial epithets. The record also shows that petitioner either struck or pushed one of the other customers. This incident did not end until after the police twice came to the tavern and, on the second occasion, petitioner left with his brother. There is no evidence or claim that petitioner was intoxicated at the time.
Petitioner proffers two grounds for justifying his conduct. First, he contends that he saw a drug transaction occur among the black men outside the bar and that he believed it necessary to remain inside so as to thwart any sales on the premises, which activity would have jeopardized his client’s liquor license. Even were this to be accepted as true, petitioner’s explanation does not excuse his behavior. Certainly, the same end could have been served by petitioner’s quietly remaining in the bar without swearing, yelling, or using racial slurs.
Petitioner’s other “justification” is that he felt that he could not leave because to do so would create the impression that judges can be intimidated. The judiciary has *96 progressed beyond the stage where it is necessary to prove its fortitude by physical or verbal confrontation. Moreover, respect for the judiciary is better fostered by temperate conduct, not by hot-headed reactions to goading remarks in a bar.
Petitioner has also challenged the standard of proof — preponderance of the evidence — employed in judicial disciplinary proceedings (22 NYCRR 7000.6 [i] [1]), urging that the appropriate standard is clear and convincing evidence. It is unnecessary to determine whether the higher standard should be applied for we conclude in any event, as did the referee who initially heard this matter, that the charges are supported by clear and convincing evidence (see Matter of Steinberg, 51 NY2d 74, 82, n 3).
Petitioner’s other arguments have been considered and are found to be without merit. Petitioner’s demonstration has rendered him unfit to serve the public trust as a judge.
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Vincent T. Cerbone is removed from the office of Justice of the Mount Kisco Town Court.