■ The People of the State of New York, Respondent, v Melvina Browne, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered December 10, 1981, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

Defendant was indicted, tried and convicted for selling heroin to an undercover police officer in Queens in January of 1980. The evidence established that on January 23, 1980, at about 4:35 P.M., defendant and her child were standing with a group of men at Northern Boulevard and 104th Street. Undercover Police Officer Raul Mercado approached the group and asked if any heroin was available. Defendant, whom Mercado had never seen before, responded, "It will cost you $55.00". Mercado agreed, handed defendant $60 and asked for $5 back. When defendant began to walk away, Mercado asked where she was going. Defendant stated she had to get it for him. Mercado objected, "No way, forget it. Give me my money back". Defendant insisted she was not going to "beat" him and told him that she would leave the child with him. Mercado agreed.

The child remained with Mercado as defendant crossed the street and entered a barbecue chicken restaurant. When she returned, defendant handed Mercado a glassine envelope and $3. Mercado asked why he had only gotten $3 back and defendant explained, "$2.00 I kept for making the run". Mercado walked to his car and contacted his backup team. Shortly thereafter, two officers arrested defendant. The glassine envelope was subsequently analyzed and found to contain 10 grains of heroin.

The thrust of the defense was that defendant was not a seller of the heroin but was only acting as an agent for the buyer of the drug. The trial court, recognizing that the evidence was sufficient to have presented a question for the jury as to whether defendant was only an agent for the buyer (see *People v Lam Lek Chong,* 45 NY2d 64, 74, cert den 439 US 935), charged the agency defense. On this appeal, defendant contends, *inter alia,* that she was deprived of a fair trial by statements in the prosecutor's summation (1) which were designed to appeal to the jury's prejudice about narcotics, and (2) which implied that defendant had sold drugs in the past and would have continued to do so had she not been caught, thereby improperly influencing the jury to reject her defense of agency which should have been decided solely on the evidence presented against her at trial. We agree.

During summation, the prosecutor made several unnecessary and inflammatory remarks, including the following:

"[PROSECUTOR] * * * But for the sale to Police Officer Mercado, the undercover police officer, this envelope wouldn't be here and light is made of the fact it's a small envelope and all this is not important in injections into a vein and putting it into somebody's vein.

"[DEFENSE COUNSEL]: I object.

"THE COURT: Sustained.

"[PROSECUTOR]: I suggest to you that if this were not bought by Police Officer Mercado, it would be put into somebody's system.

"[DEFENSE COUNSEL]: I object.

"THE COURT: Sustained. The jury is to completely disregard that * * *

"[PROSECUTOR]: * * * and I say to you, and I say it truthfully, thank God that she was caught in time because we don't know —

"[DEFENSE COUNSEL]: I object.

"THE COURT: Sustained, yes.

"[PROSECUTOR]: We don't know how many sales were made —

"[DEFENSE COUNSEL]: I object.

"THE COURT: Sustained. The jury is to disregard — the jury will disregard that."

By the above comments, in addition to others, the prosecutor impermissibly sought to inflame the passions of the jury. Moreover, in view of the agency theory interposed by defendant, the implication that she was involved in other sales was especially prejudicial. The prosecutor's conduct was all the more grievous because he ignored the court's ruling not to complete his improper remark (see *People v Fogel,* 97 AD2d 445, 446). Although defense counsel did not request a mistrial or additional curative instructions (see *People v Medina,* 53 NY2d 951, 953), we reverse and order a new trial as a matter of discretion in the interest of justice because the prosecutor's inappropriate conduct clearly operated to deprive defendant of a fair trial under the circumstances.

Defendant's remaining contentions have been examined and found to lack merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.