OPINION OF THE COURT
Per Curiam.
Petitioner, a former Justice of the Supreme Court, instituted this proceeding to review a determination of the State Commission on Judicial Conduct which censured him for misconduct. He contends that the Commission’s determination is not supported by the evidence and that the sanction imposed is unduly harsh.
Respondent’s complaint contained one charge alleging that petitioner had violated the Rules and Canons governing judicial conduct by making derogatory racial remarks during the sentencing of two black defendants in May 1983. The remark was made in court during a colloquy between petitioner and counsel for Eris Blount, one of two defendants appearing before petitioner who had been convicted of robbery. During the course of the colloquy, petitioner noted that defendant Blount had previously made a statement (which had been suppressed) implicating his uncle, Willie Blount, in a double homicide and other crimes. Petitioner, referring to Willie Blount as the “real culprit”, offered to extend consideration to defendant if he cooperated with the police and made a legally sufficient statement implicating his uncle. Observing that somebody had been “lying throughout this entire mess”, he stated: “I know there is another nigger in the woodpile. I want that person out. Is that clear? What about that Mr. Blount? You want to think it over?”
Petitioner admitted making the statement but he denied any impropriety in his conduct, asserting that it was a harmless “metaphor”. He also denied that his remark referred to any particular person, but he claimed that in any event, he did not intend it as a racial slur. He contended that the metaphor referred to an unsolved mystery and that his comments were directed at the police, not defendant’s uncle, because he was critical of their investigation.
The referee found the facts as set forth above. He also found that the phrase “nigger in the woodpile” is offensive and derogatory to black people and, while accepting petitioner’s contention that the reference was not intended as a racial slur, he found *330 that petitioner had been referring to a specific person — Willie Blount — when he made it.
In confirming the referee’s report the Commission found that: “Racial epithets, indefensible when uttered by a private citizen, are especially offensive when spoken by a judge. Whether or not he meant it as a racial slur, [petitioner’s] use of the term ‘nigger’ in any context is indefensible. That he used the term in open court with black defendants before him and in obvious reference to a particular black person makes his conduct especially egregious.” Commenting on petitioner’s attitude after the charges were presented, the Commission stated: “Furthermore, [petitioner] has persisted in the belief that his remark was not inappropriate and that his ‘metaphor’ was misunderstood. [Petitioner’s] claim that he was not referring to a black man and that he apologized for his remark (the apology appeared only in a confidential letter to the Commission) are not persuasive.”
We find that the Commission’s finding is supported by the evidence and that the sanction is appropriate.
The rules require that judges “observe * * * high standards of conduct so that the integrity * * * of the judiciary may be preserved” (Rules Governing Judicial Conduct, 22 NYCRR 100.1; see also, 100.2; Matter of Aldrich v State Commn. on Judicial Conduct, 58 NY2d 279; Matter of Kuehnel v State Commn. on Judicial Conduct, 49 NY2d 465). Applying this standard, we have held that it is improper for a judge to make remarks of a racist nature even when the remarks are made out of court (Matter of Cerbone, 61 NY2d 93; Matter of Aldrich v State Commn. on Judicial Conduct, supra; Matter of Kuehnel v State Commn. on Judicial Conduct, supra). Manifestly, such remarks are even more objectionable when made by a judge during court proceedings.
Accordingly, the determined sanction of censure should be accepted, without costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs.