■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HAYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 23, 1983, convicting him of robbery in the first degree (two counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the court erred in admitting a codefendant's confession which implicated him and in not severing his case from that of his codefendant *(see, Bruton v United States,* 391 US 123) was not adequately raised below; nor did he request a severance. The defendant did not take advantage of the opportunity to move to exclude the statement prior to the trial, but, instead, moved perfunctorily to exclude the statement during the middle of the trial *(see, People v Sweeney,* 30 AD2d 1035). Moreover, the defendant and his codefendant's statements were identical in all material regards and the codefendant's statement did not introduce new material inculpatory of the defendant *(see, People v Berzups,* 49 NY2d 417, 425; *People v Reyes,* 107 AD2d 768).

We reject the defendant's contention that the trial court

had a preconceived notion as to his guilt or that it conveyed any bias to the jury. However, we note that certain of the court's remarks at sentencing were offensive and have already been the subject of censure by the Court of Appeals *(see, Matter of Agresta,* 64 NY2d 327).

The defendant also claims that his statements to the police were involuntarily made and that he had not been advised of his *Miranda* rights. The hearing court's determination to the contrary is supported by the record and should not be disturbed *(see, People v Armstead,* 98 AD2d 726).

We have examined the defendant's remaining contentions, including the claim that his sentence was excessive, and have found them to be without merit. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.