■ The People of the State of New York, Appellant, v Michael Sinclair, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Gallagher, J.), dated June 16, 1987, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

The findings of the hearing court are entitled to great deference and should not be set aside unless clearly erroneous. Issues of credibility are to be assessed by the trier of the facts who had the opportunity to observe the witnesses *(see, People v Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Hayes,* 127 AD2d 607, *lv denied* 70 NY2d 704; *People v Armstead,* 98 AD2d 726).

The hearing court specifically rejected as incredible the testimony of the People's only witness to the confrontation with the defendant that the defendant voluntarily consented to the search of his baggage. In reaching this conclusion, the hearing court cited the witness's inability to recall the defendant's response to the request for permission to inspect the baggage and to the fact that the defendant had recently, in the airport from which he had departed, refused a similar request.

We perceive no reason to substitute our judgment for that of the hearing court. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.