■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BOHN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Hillery, J.), rendered May 21, 1985, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree, and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially it should be noted that since there was no objection to the reception of the eight-year-old victim's unsworn testimony, this issue is unpreserved for review *(see,* CPL 470.05 [2]). In any event, CPL 60.20 (2) permits the court to accept unsworn testimony if a witness possesses "intelligence and capacity to justify the reception" of his evidence. The decision as to whether to admit unsworn testimony of a minor is to be made by the Trial Judge who views the witness's demeanor and presence of mind and may undertake inquiry to ascertain the witness's capacity and intelligence *(see, People v Parks,* 41

NY2d 36, 45-46; *People v Nisoff,* 36 NY2d 560, 564). In the instant case, it was elicited that the witness knew the difference between truth and falsehood, that he knew the proceedings were serious and that he was to tell the truth. We find no error in the court's decision to permit the victim to testify as an unsworn witness.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We note that the trial court properly denied, after a hearing, the defendant's motion pursuant to CPL 330.30 for a new trial. It is well established that the findings of a hearing court are to be accorded great deference and should not be set aside absent an improvident exercise of discretion *(see, People v Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Hayes,* 127 AD2d 607). In the instant case, the testimony of the victim and his older brother at the recantation hearing was contradictory and disjointed in contrast to their trial testimony which was consistent. We cannot say that it was an improvident exercise of the hearing court's discretion to discredit the recantation testimony and deny the defendant's motion for a new trial.

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.