■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSE PIZZALI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 12, 1987, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury. No questions of fact have been raised or considered.

In the event a new indictment is issued, the defendant shall be entitled to a new suppression hearing.

We are of the opinion that the cumulative impact of certain errors in this case cannot be considered harmless (see, People v Crimmins, 36 NY2d 230, 242; People v Jones, 108 AD2d 824, 826; People v Morris, 100 AD2d 600, 601).

First, we agree with the defendant's contention that the court erred in permitting testimony to be read back to the jury without the official court interpreter being present, since the interpreter was required in this case to adequately protect the defendant's right to be present at this stage of the trial (see, CPL 310.30; *People v Mehmedi*, 69 NY2d 759). It is undisputed that the defendant, a native of Peru, did not comprehend English and required the services of an interpreter throughout every phase and aspect of the proceedings. Thus, the failure of the court to wait for the interpreter, although it was aware that he was on his way to the courtroom, prejudiced the defendant's ability to effectively participate in the readback of the testimony (see, *People v De Armas*, 106 AD2d 659, 660; *People v Fogel*, 97 AD2d 445).

In addition, although the court instructed the jury on some of the facts relied upon by the defendant in support of his defense, the court's over-all manner of marshaling the evidence in its charge on circumstantial evidence tended to deprive the defendant of a fair trial. A review of the record reveals that the court's charge in this area could have been interpreted by the jury to mean that the court approved of the prosecution's case while it disapproved of the defendant's case (see, *People v De Jesus*, 42 NY2d 519, 523-524).

Furthermore, the failure of the People to turn over to the defense some 8 or 9 items of *Rosario* material until the middle of the trial requires the holding of a new suppression hearing (see, CPL 240.44; *People v Malinsky*, 15 NY2d 86, 91). Among the most important documents that the People had failed to disclose was the "Report of Arrest, Search and Seizure" filed by the customs officer who apprehended the defendant and the interrogating officer's handwritten notes taken at the time of the defendant's interrogation. Other examples include the failure to turn over a chain of custody report that was inconsistent with another report and the failure to disclose that a lab analysis had been performed on the recovered cocaine.

While we are reversing and remitting the matter for further proceedings for the reasons set forth above, we would observe in passing that it would have been preferable had the trial court considered a short adjournment over the weekend prior to discharging the juror who had become ill on a Friday morning (see, CPL 270.35; *People v Page*, 72 NY2d 69; *People v Polhill*, 140 AD2d 462, 463). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.