■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 1, 1989, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant in this case was arrested on April 9, 1988, for sexual abuse in the first degree and endangering the welfare of a child. The testimony adduced at trial revealed that the incident had occurred sometime late on the evening of April 8, 1988, while the defendant was babysitting for the infant victim and her sisters. The victim did not tell her mother about the incident until the morning of April 9, and then only after repeated questioning by her mother. The mother's questioning had been prompted by statements made to her by the victim's two sisters to the effect that the defendant had been "playing in" the victim's pants. The trial court allowed the victim's mother to repeat the answers given by the victim to her questioning, as well as the statements made to her by the other two sisters.

We agree with the defendant's contention that the mother's testimony with respect to what the victim told her did not fall within the scope of the excited utterance exception to the hearsay rule. While the testimony revealed that the child victim had been unusually quiet and still that morning, we cannot conclude that the surrounding circumstances reasonably justified the conclusion that statements had been made while she was still under the influence of the excitement precipitated by the event *(see, People v Edwards,* 47 NY2d 493, 498; *see also, People v Brown,* 70 NY2d 513; *People v Knapp,* 139 AD2d 931).

We also agree with the defendant's further contention that the trial court erred in permitting the child victim's mother to testify as to what her two other daughters had told her that morning regarding the incident, on the ground that these statements constituted inadmissible hearsay *(see, People v Cummings,* 109 AD2d 748; *see also, People v Ranieri,* 144 AD2d 1006; *People v Gonzalez,* 131 AD2d 873).

However, owing to the overwhelming evidence of the defendant's guilt, the admission of the mother's testimony as to what her daughters had told her the following morning was harmless error *(see, People v Crimmins,* 36 NY2d 230). The victim testified that the defendant had placed his finger inside her vagina, and one of the victim's sisters testified that she had seen the defendant place his hand inside the victim's pants. In addition, an expert in child abuse testified that the scratch on the child victim's vagina was consistent with digital fondling.

Further, the trial court did not improvidently exercise its

discretion in allowing the victim's eight-year-old sister to give sworn testimony. The decision as to whether a child is competent to testify under oath rests primarily with the trial court, which has the opportunity to view the child's demeanor *(see,* CPL 60.20 [2]; *see also, People v Nisoff,* 36 NY2d 560). The voir dire examination of this child revealed that she understood the nature of an oath, the difference between telling a lie and telling the truth, the meaning of a promise to tell the truth, that she would be punished by God and her mother if she told a lie and that she would have to tell the truth in court. Furthermore, the child possessed sufficient intelligence to recall the events in question and to relate them in a clear manner. While the defendant also argues that the trial court erred in permitting the child victim to give unsworn testimony, his failure to object to the trial court's ruling on that matter renders his argument unpreserved for appellate review *(see, People v Bohn,* 155 AD2d 679). In any event, the trial court did not err in allowing the child victim to give unsworn testimony. Her testimony clearly established that she possessed sufficient intelligence and capacity to testify.

Nor was the defendant deprived of his right to a speedy trial. When a defendant is accused of one or more offenses, at least one of which is a felony, the People must be ready for trial within six months of the commencement of the action *(see,* CPL 30.30). To determine whether a defendant has been denied his right to a speedy trial, the delay is measured in terms of calendar months *(see, People v Rhee,* 111 AD2d 655; *People v Battles,* 77 AD2d 405; *see also, People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529). In this case, the defendant was arrested on April 9, 1988. The defendant was arraigned on October 7, 1988, at which time the People asserted that they were ready to proceed to trial. While the defendant claims that the delay amounted to 181 days, this delay was still within the statutory period of six calendar months. Contrary to the contention of the defendant, the failure of the People to provide him with a transcript of the Grand Jury minutes on October 7, 1988, would not have precluded the People from going forward at trial since there is no indication that the defendant had made a motion pursuant to CPL 210.30 *(see, People v McKenna,* 76 NY2d 59).

The trial court's charge to the jury instructing it only to use the defendant's prior conviction in evaluating the defendant's credibility was proper *(see,* 1 CJI [NY] 7.21).

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or

without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.