■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ADAMEZ, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the court erred in allowing summations to commence in the absence of defendant's interpreter. Defendant had a fundamental right to be present during summations *(see, People v Mehmedi,* 69 NY2d 759, 760, *rearg denied* 69 NY2d 985; *People v Ciaccio,* 47 NY2d 431, 436; *People v Mullen,* 44 NY2d 1, 4). A defendant who is unable to understand English is entitled to an interpreter to enable him to assist in his own defense, but such right can be waived by defendant's failure to inform the court that he cannot sufficiently understand the English language, unless it is "acutely obvious" that an interpreter is required *(People v Ramos,* 26 NY2d 272, 275). We find that defendant waived his right to an interpreter during summations. The court granted a short adjournment to enable defendant to locate his interpreter. He failed to object when the court reconvened, he failed to place on the record any explanation regarding the whereabouts of his interpreter or her expected arrival and he failed to object to the court's statement that defendant understood some English *(cf., People v Pizzali,* 159 AD2d 652, 654).

Defendant's argument that proof of the amount of cash found on his person at the time of the arrest was improperly admitted is unpreserved for our review and we decline to reach it in the interest of justice. We reject defendant's contention that his sentence was harsh and excessive. We note, however, that the trial court's post-verdict remarks to

the jury concerning Dominicans were utterly inappropriate and indefensible. Such ethnic insults are manifestly improper *(see generally, Matter of Agresta,* 64 NY2d 327, 330).

We have examined defendant's remaining arguments on appeal and find them to be lacking in merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.