■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMINIEL CALIZAIRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered March 14, 1990, convicting him of rape in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve the issue of the legal sufficiency of the evidence for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's contention that he was denied a fair trial because a Haitian Creole interpreter was not present during the entire trial. The defendant waived his right to an

interpreter since he failed to inform the court that he did not have a sufficient understanding of the English language to enable him to understand the court proceedings (see, People v Ramos, 26 NY2d 272, 274; People v Ononkpevwe, 151 AD2d 511). In any event, a presumption of regularity attaches to official court proceedings and the defendant has offered nothing more than mere conclusory statements to rebut the presumption (see, People v Richetti, 302 NY 290; People v Pichardo, 168 AD2d 577).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.