■ In the Matter of CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., on Behalf of RICARDO V. and Others, Respondent, v ELBA V., Appellant. [628 NYS2d 796] —In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from three orders of the Family Court, Kings County (Cozier, J.), all entered October 30, 1991, which, *inter alia,* granted custody of her children Ricardo, Beatrice, and Ruth to the Catholic Guardian Society of the Diocese of Brooklyn, Inc.

Ordered that the orders are affirmed, without costs or disbursements.

The Catholic Guardian Society of the Diocese of Brooklyn, Inc. (hereinafter CGS) petitioned for custody of the three minor children of the appellant mother. During her direct testimony at one of the hearings, the mother asserted that, due to her limited grasp of the English language, she had understood "quite a bit, but not everything" of what had been said by a witness for CGS. Pursuant to this testimony, counsel for the mother requested that a mistrial be granted and that the court re-commence the proceedings de novo with an interpreter present. The court denied the motion. We now affirm.

The Court of Appeals has stated:

"To be sure, a defendant who cannot understand English is entitled to have the trial testimony interpreted to him [or her] in a language which he [or she] understands in order that he may meaningfully assist in his [or her] own defense.

"The right to an interpreter, however, may be waived where a defendant, or his [or her] attorney, fails to call to the attention of the trial court, in some appropriate manner, the fact that he [or she] does not possess sufficient understanding of the English language * * *

"In the absence of an obvious manifestation to the court of [a] defendant's lack of understanding of the English language, or a specific request to the court based on this misunderstanding, there is no obligation upon the court to provide a defendant with an interpreter" *(People v Ramos,* 26 NY2d 272, 274-275; *see also, Matter of Vladimir M.,* 206 AD2d 482; *People v Calizaire,* 190 AD2d 857; *People v Gamal,* 148 AD2d 468; *People v Navarro,* 134 AD2d 460; *Matter of Jose R.,* 49 AD2d 869). Applying this standard to the facts here, the mother's motion for a mistrial was properly denied.

It is not disputed that the mother did not request an interpreter for the hearings at which the testimony she claimed she only partially understood was taken and that she was assigned an interpreter as soon as she requested one. Thus, her request for an interpreter as it concerned prior testimony was untimely. Further, there was no "obvious manifestation" that she did not speak English. To the contrary, she spoke English to her lawyer (who could not speak Spanish), her children, and her caseworker, and even corrected testimony given in English during the proceedings. Indeed, she initially asked to testify at the hearings in English. Further, the mother had attended many prior proceedings in the case without requesting an interpreter and it was the court's unrebutted recollection that an interpreter had been initially offered and turned down. Thus, because there was neither a timely request for an

interpreter nor an "obvious manifestation" of an inability to speak English, the court properly denied the mother's motion for a mistrial and for a re-commencement of the proceedings de novo.

We have considered the mother's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.