THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PAGAN, Appellant. [784 NYS2d 815]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 21, 2003. The judgment convicted defendant, following a nonjury trial, of attempted murder in the second degree, criminal trespass in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal trespass in the second degree (§ 140.15), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to the contention of defendant, County Court properly denied without a hearing his motion pursuant to CPL 330.30, which was based on his alleged difficulty in understanding the English language. "Where, as here, a defendant is adequately represented by competent counsel, and despite numerous opportunities to do so, fails to inform the court about any inability to understand the English language, he cannot be heard to complain in a collateral attack that his conviction was secured without due process of law" (*People v Ramos*, 26 NY2d 272, 274 [1970]; *see People v Calizaire*, 190 AD2d 857, 857-858 [1993]; *People v*

*Adamez,* 177 AD2d 980 [1991], *lv denied* 79 NY2d 852 [1992]). Defendant's contention that defense counsel had a conflict of interest is based on material outside the record, and thus the appropriate procedural vehicle to address that contention is a motion pursuant to CPL 440.10 (*see People v Englert,* 285 AD2d 987 [2001], *lv denied* 97 NY2d 655 [2001]). Contrary to the further contention of defendant, the evidence of intent, which was inferable from his conduct as well as the surrounding circumstances (*see generally People v Phong T. Le,* 277 AD2d 1036 [2000], *lv denied* 96 NY2d 762 [2001]; *People v Henning,* 267 AD2d 1092 [1999], *lv denied* 94 NY2d 903 [2000]; *People v Moore,* 184 AD2d 1042 [1992], *lv denied* 80 NY2d 907 [1992]), is legally sufficient to support the conviction of attempted murder and the verdict is not against the weight of the evidence with respect to that crime (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.