*9 OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is affirmed without costs.
In September 2000, plaintiff Shanthi Gounder purchased a house (the premises) which was occupied by a tenant, defendant Chandrika Kurup, who resided there with her daughter and without a written lease. Defendant continued to reside in the premises, and she paid rent until the autumn of 2006. During that time, Shanthi Gounder, and her husband, plaintiff Veeramuthu Gounder, came to believe that defendant was operating a children’s music and dance school on the premises.
After defendant moved out, plaintiffs, proceeding pro se, brought this action, alleging that they were owed rent, that defendant had damaged the premises, and that they had spent substantial sums removing defendant’s garbage from the premises after she left. Defendant, who was initially unrepresented, appeared by counsel shortly before trial, at which time she filed an amended answer containing, among other things, three counterclaims. At a pretrial conference, plaintiffs informed the Civil Court that they did not want an interpreter.
At trial, plaintiffs affirmatively stated their readiness to proceed pro se. With the consent of plaintiff Shanthi Gounder, her husband, plaintiff Veeramuthu Gounder, was their sole witness. Recognizing his difficulties with English, the Civil Court also accepted into evidence Mr. Gounder’s three-page statement of the case. Mr. Gounder also produced photographs and various bills, which were accepted into evidence. However, the Civil Court rejected as hearsay two notarized statements by persons who had allegedly witnessed defendant’s use of the premises. Following the nonjury trial, the Civil Court dismissed plaintiffs’ action as well as the counterclaims, upon a finding that all the parties had failed to make out prima facie cases as to their respective claims.
On appeal, plaintiffs, who are now represented by counsel, argue that the Civil Court erred in conducting the trial without providing them with an interpreter. Although section 217.1 (a) of the Uniform Rules for Trial Courts (22 NYRR 217.1 [a]) provides for the appointment of an interpreter when the trial court determines that a party “is unable to understand and communicate in English to the extent that he or she cannot meaningfully participate in the court proceedings,” in the *10 absence of an “obvious manifestation” that the litigant does not speak English, there is no duty for a court, sua sponte, to provide a litigant with an interpreter (Matter of Catholic Guardian Socy. of Diocese of Brooklyn v Elba V., 216 AD2d 558, 559 [1995]; see also Ali v Hassid, 20 Misc 3d 130[A], 2008 NY Slip Op 51419[U] [App Term, 9th & 10th Jud Dists 2008]).
Our review of the trial transcript reveals that although Mr. Gounder’s English was non-standard, and the court reporter expressed reservations about reporting Mr. Gounder’s testimony and comments, Mr. Gounder nevertheless managed to convey his version of the underlying facts of the case with sufficient clarity so that the basis of plaintiffs’ cause of action was discernible. There was no such “obvious manifestation” of an inability to communicate in English that the Civil Court was required, sua sponte, to provide plaintiffs with an interpreter. We also note that Mr. Gounder never requested an interpreter, although at the outset of the trial the Civil Court judge brought up the issue when she noted that he had previously declined one (see Matter of Catholic Guardian Socy. of Diocese of Brooklyn v Elba V., 216 AD2d 558 [1995]).
Plaintiffs further argue that their presentation of their case was crippled by their lack of familiarity with the legal process. However, at the outset of trial, in response to questioning by the court, both plaintiffs specifically stated their willingness to proceed pro se. The law does not provide a second chance for the litigant who knowingly proceeds pro se and receives an unsatisfactory verdict at trial as a result of such self-representation (see Matter of Hanehan v Hanehan, 8 AD3d 712, 714 [2004]; Sloninski v Weston, 232 AD2d 913, 914 [1996]).
Finding no error, we accordingly affirm the judgment of the Civil Court insofar as appealed from.
Weston, J.E, Golia and Steinhardt, JJ., concur.