Matter of Olivia G. (Olivar I.-G.) (2019 NY Slip Op 04602)





Matter of Olivia G. (Olivar I.-G.)


2019 NY Slip Op 04602


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


678 CAF 18-00030

[*1]IN THE MATTER OF OLIVIA G., DELILAH G., AND ISABEL G. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; OLIVAR I.-G., RESPONDENT-APPELLANT.






JOSEPH P. MILLER, CUBA, FOR RESPONDENT-APPELLANT. 
ERIC M. FIRKEL, COUNTY ATTORNEY, LITTLE VALLEY (WENDY G. PETERSON OF COUNSEL), FOR PETITIONER-RESPONDENT.
BERT R. DOHL, SALAMANCA, ATTORNEY FOR THE CHILD.
MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Cattaraugus County (Terrence M. Parker, A.J.), entered December 5, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect and freed the children for adoption.
The father contends that Family Court erred in failing to ensure that the interpreters who were present with him while he appeared via video conference due to his out-of-state incarceration were qualified. The father, who was represented by counsel, failed to preserve that contention for our review inasmuch as he did not request that the court inquire into the qualifications of his interpreters or provide him with different interpreters (see generally Matter of Nadya S. [Brauna S.], 133 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 919 [2016]). The father also failed to preserve for our review his contention that his ability to understand the proceedings was limited by inadequate services of the interpreters and, in any event, that contention lacks merit inasmuch as the record establishes that the father confirmed that he was comfortable with the services provided by the interpreters and that he understood the proceedings (see Nadya S., 133 AD3d at 1244; Matter of Catholic Guardian Socy. of Diocese of Brooklyn v Elba V., 216 AD2d 558, 559-560 [2d Dept 1995]).
Contrary to the father's only challenge to petitioner's showing of diligent efforts to encourage and strengthen the father's relationships with his children, the record establishes that petitioner sufficiently investigated the suitability of placing the children with his out-of-state relatives, but the relatives failed to respond to the entity that would approve such an interstate placement (see Matter of Britiny U. [Tara S.], 124 AD3d 964, 966 [3d Dept 2015]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court