■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. HAMILTON, Appellant. [856 NYS2d 375]—

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convict-

ing him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that County Court erred in sentencing him as a persistent violent felony offender. We note at the outset that the contention of defendant is encompassed by his waiver of the right to appeal (*see generally People v Rodriguez-Ortiz*, 23 AD3d 204 [2005], *lv denied* 6 NY3d 817 [2006]; *People v Figueroa*, 13 AD3d 163 [2004], *lv denied* 4 NY3d 798 [2005]), which he has not challenged on appeal. Nevertheless, we conclude that defendant's waiver of the right to appeal is invalid inasmuch as the court's minimal inquiry was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). We further note that, although defendant preserved for our review only one of the two grounds raised on appeal in support of his contention, i.e., that his prior convictions would not qualify as violent felony offenses under New York law, we nevertheless exercise our power to consider the further ground for his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

As the People correctly concede, defendant's contention has merit. The sentences for the prior convictions were beyond the 10-year time limit, and the court failed to make a finding that the tolling provision applied (*see* Penal Law § 70.04 [1] [b] [v]). In addition, the People failed to establish the periods during which defendant was incarcerated (*see People v Gines*, 284 AD2d 134 [2001]), and the persistent violent felony offender information failed to list the applicable sentences for tolling purposes (*see* CPL 400.15 [2]; 400.16 [2]). Finally, we agree with defendant that the court failed to determine whether his convictions in other jurisdictions qualify as violent felony offenses under New York law (*see generally People v Muniz*, 74 NY2d 464, 467-470 [1989]).

We therefore modify the judgment by vacating the sentence. We note that the sentence was imposed following defendant's plea of guilty to a superior court information upon a waiver of indictment, and the People conditioned their agreement to that waiver upon the court's imposition of the agreed-upon sentence. Thus, we remit the matter to County Court to resentence defendant or to "entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety" (*People v Irwin*, 166 AD2d 924, 925 [1990], citing *People v Farrar*, 52 NY2d 302, 307-308 [1981]). Further, should the People be so disposed, they may withdraw their

consent to the waiver of indictment (*see* CPL 195.10 [1] [c]; *People v Terry*, 152 AD2d 822, 823 [1989]). Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.