■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DWYER, Appellant. [902 NYS2d 271]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 30, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We conclude that defendant forfeited his contention that Supreme Court erred in refusing to suppress the evidence seized from his person when the police stopped his vehicle, inasmuch as he pleaded guilty before the court issued a final suppression order (*see* CPL 710.70 [2]; *People v Powless*, 66 AD3d 1353 [2009]). In any event, that contention is without merit. The People established the reliability and basis of knowledge of the informant who provided the police with information concerning defendant's drug activities (*see People v DiFalco*, 80 NY2d 693, 696-697 [1993]; *see generally Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]), and the police had reasonable suspicion to stop defendant's vehicle based on that information. "Upon making the valid traffic stop, the officer[ ] [was] entitled . . . to conduct the limited protective patdown search of defendant for the presence of weapons" (*People v Douglas*, 42 AD3d 756, 757-758 [2007], *lv denied* 9 NY3d 922 [2007]). After defendant was informed that his girlfriend had admitted that there were drugs at the couple's residence, defendant spontaneously stated that the drugs were his and began reaching into his jacket pocket. Thus, "the officer[ ]—having no knowledge as to what defendant was reaching for—acted reasonably and lawfully in attempting to stop [defendant]" and reaching into defendant's pocket himself (*People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]). The discovery of cocaine in defendant's pocket gave the police probable cause to arrest defendant (*see id.*). Contrary to the further contention of defendant, the court properly determined that his girlfriend's consent to search their residence was not coerced. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761 [1977]; *see People v Witherspoon*, 66 AD3d 1456, 1458 [2009], *lv denied* 13 NY3d 942 [2010]).

Finally, to the extent that the contention of defendant that he was deprived of effective assistance of counsel is not forfeited by the plea (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8

NY3d 950 [2007]), it lacks merit. The record establishes that defendant received an advantageous plea, and nothing in the record suggests that defense counsel's representation of defendant was anything less than meaningful (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.