■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN WHITE, Appellant. [958 NYS2d 634]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 18, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]) and criminal sexual act in the first degree (§ 130.50 [1]), defendant contends that the waiver of the right to appeal is not valid, and he challenges the severity of the sentence. Although we agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Hamilton*, 49 AD3d 1163, 1164 [2008]), we nevertheless conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Whalen and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BECKY L. FRANK, Appellant. [959 NYS2d 85]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 3, 2008. The judgment convicted defendant, upon her plea of guilty, of criminally negligent homicide and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Peradotto, Carni, Whalen and Martoche, JJ.