# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

645

KA 09-02070

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ROBERT JACKSON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 29, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that County Court erred in refusing to suppress physical evidence seized after the police stopped a vehicle in which he was a passenger because the police improperly stopped the vehicle. We reject that contention. "The People established the reliability and basis of knowledge of the informant who provided the police with information concerning defendant's drug activities . . . , and the police had reasonable suspicion to stop defendant's vehicle based on that information" (*People v Dwyer*, 73 AD3d 1467, 1468, *lv denied* 15 NY3d 851; *see People v Porter*, 101 AD3d 44, 47-48, *lv denied* 20 NY3d 1064).

Defendant's contentions that his trial attorney had a conflict of interest and that he was ineffective due to that conflict concern matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Pagan*, 12 AD3d 1143, 1144, *lv denied* 4 NY3d 766; *People v Dunn*, 261 AD2d 940, 941, *lv denied* 94 NY2d 822). Defendant's contention that evidence of his postarrest silence was improperly admitted is not preserved for our review (*see People v Tarbell*, 167 AD2d 902, 902, *lv denied* 77 NY2d 883). In any

event, "[a]though improper, the unsolicited reference to defendant's invocation of the right to [remain silent] does not constitute a 'pervasive pattern of misconduct so egregious as to deprive defendant of a fair trial' " (*People v Beers*, 302 AD2d 898, 899, *lv denied* 99 NY2d 652).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that his Sixth Amendment right to confront his accusers was violated by the admission in evidence of testimony concerning a latent fingerprint that was processed and photographed by a technician who did not testify at trial (*see generally Crawford v Washington*, 541 US 36, 50-54).  We reject that contention.  The technician who processed and photographed the fingerprint did not compare the latent print to the fingerprints of defendant or any other suspect.  Thus, the technician's findings were not testimonial because the latent fingerprint, "standing alone, shed[s] no light on the guilt of the accused in the absence of an expert's opinion that the [latent fingerprint] match[es] a known sample" (*People v Rawlins*, 10 NY3d 136, 159; *see generally Williams v Illinois*, ___ US ___, ___, 132 S Ct 2221, 2243-2244; *People v Pealer*, 20 NY3d 447, 455).  Moreover, the analyst who determined that the latent print matched one of defendant's fingerprints in fact testified at trial and was available for cross-examination.  Therefore, defendant's right to confront witnesses against him was not violated (*see Rawlins*, 10 NY3d at 159; *People v Hamilton*, 66 AD3d 921, 922, *lv denied* 13 NY3d 907).

Defendant contends that he was denied the right to effective assistance of counsel because defense counsel failed to make a detailed motion for a trial order of dismissal at the close of the People's proof and failed to renew the motion at the close of defendant's proof.  We reject that contention.  Defendant failed to demonstrate that such a motion would have been meritorious, and "there is no denial of effective assistance based on the failure to 'make a motion or argument that has little or no chance of success' " (*People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Defendant further contends that he was denied a fair trial based on prosecutorial misconduct during summation.  Defendant's contention is preserved for our review only in part, and in any event we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Caldwell*, 98 AD3d 1272, 1273, *lv denied* 20 NY3d 985 [internal quotation marks omitted]).  Additionally, we conclude that the sentence is not unduly harsh or severe.

Finally, defendant correctly contends that the uniform sentence and commitment sheet incorrectly recites that he was convicted as a second felony offender rather than as a second felony drug offender

(*see* Penal Law § 70.71 [1] [b]), and the uniform sentence and commitment sheet must therefore be modified to correct the clerical error (*see People v Vasavada*, 93 AD3d 893, 894, *lv denied* 19 NY3d 978; *see generally People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court