# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

967

KA 12-01162

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

STEPHON JOHNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 3, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). We agree with defendant that his waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Hamilton*, 49 AD3d 1163, 1164; *People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767). Indeed, we are unable to determine based on the record before us whether the court ensured "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). Nevertheless, we reject defendant's contention that the court abused its discretion in denying his request for youthful offender status (*see People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961; *People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889). The court relied on, inter alia, the fact that defendant engaged in dangerous gratuitous violence in committing the subject crime. We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*cf. People v Shrubsall*, 167 AD2d 929, 930-931), and we reject defendant's

challenge to the severity of the sentence.