# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

92

KA 13-01262

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY THOMAS, ALSO KNOWN AS ZAK,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 28, 2011. Defendant was resentenced upon his conviction of manslaughter in the first degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and, in appeal No. 2, he appeals from his resentence on that conviction. We note at the outset that defendant's appeal concerns only the severity of the resentence and the threshold issue whether defendant's waiver of the right to appeal was valid and thus encompasses the severity of the resentence. We therefore affirm the judgment in appeal No. 1.

With respect to appeal No. 2, we agree with defendant that his waiver of the right to appeal was invalid because the perfunctory inquiry made by Supreme Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, *lv denied* 98 NY2d 767; *see People v Hamilton*, 49 AD3d 1163, 1164). We nevertheless conclude, however, that the resentence is not unduly harsh or severe.

Entered: February 7, 2014                    Frances E. Cafarell
                                             Clerk of the Court