# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**444**

**KA 12-01165**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DOUGLAS MCCULLARS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered November 30, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Hamilton*, 49 AD3d 1163, 1164; *People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767). Indeed, on this record there is no basis upon which to conclude that the court ensured "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court