# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**

**KA 14-00679**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

STEVEN WISNIEWSKI, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEVEN WISNIEWSKI, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JODI A. DANZIG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered April 13, 2011. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law former § 155.35) and offering a false instrument for filing in the first degree (former § 175.35). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (§ 155.40 [1]). At the outset, we conclude with respect to both appeals that defendant knowingly, voluntarily and intelligently waived his right to appeal, and that waiver encompasses his challenge to the severity of the sentences (*see People v Lopez*, 6 NY3d 248, 255-256).

Although defendant's challenges to the voluntariness of his pleas in each appeal survive his valid waiver of the right to appeal (*see People v Gimenez*, 59 AD3d 1088, 1088-1089, *lv denied* 12 NY3d 816), the contention in his main brief that his pleas were rendered involuntary by an alleged misstatement by Supreme Court concerning the maximum

legal sentence for grand larceny in the third degree is not preserved for our review because he did not move to withdraw the pleas or to vacate the judgments of conviction on that ground (*see People v Halsey*, 108 AD3d 1123, 1124).  We conclude in any event that the court "did not misinform him of the sentencing range to which he was exposed" (*People v Bloom*, 96 AD3d 1406, 1406, *lv denied* 19 NY3d 1024).  The further contention in defendant's pro se supplemental brief that the pleas were coerced by the conduct of the court "is belied by [his] responses to [the court's] questions during the plea colloquy" (*Gimenez*, 59 AD3d at 1089; *see People v Montgomery*, 63 AD3d 1635, 1636, *lv denied* 13 NY3d 798).

We agree with defendant that the court did not validly order him to pay restitution at sentencing in connection with his guilty plea in appeal No. 2, although it is clear from the record that the court and the parties intended that defendant would be ordered to pay restitution, and that the court's failure to do so at sentencing was a mere oversight.  Indeed, defendant's victims sought restitution in their victim impact statement and, thus, "in the absence of a finding that the interests of justice dictated otherwise, [the court] was required to order restitution as a part of the sentence" (*People v Johnson*, 208 AD2d 1175, 1176, *lv denied* 85 NY2d 910; *see* Penal Law § 60.27 [1]).  We therefore modify the judgment in appeal No. 2 by vacating the sentence, and we remit the matter to Supreme Court for resentencing that will include restitution (*see generally People v Sparber*, 10 NY3d 457, 471-472).

We have considered the remaining contention raised in defendant's pro se supplemental brief with respect to both appeals and conclude that it is without merit.

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court