# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

507

KA 14-00327

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ROGER BEAVER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered April 17, 2013. The judgment convicted defendant, upon his plea of guilty, of failure to register as a sex offender.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of failure to register as a sex offender, a class E felony (Correction Law §§ 168-f [4]; 168-t), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. We agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by Supreme Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Hamilton*, 49 AD3d 1163, 1164). Although defendant signed a written waiver of the right to appeal, the court failed to inquire on the record whether defendant understood the waiver and knew that he was waiving the right to challenge the length of his sentence (*see People v Bradshaw*, 18 NY3d 257, 264-265; *People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: May 8, 2015                                Frances E. Cafarell
                                                    Clerk of the Court