# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

848

KA 13-01277

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DEVAUHN DONALDSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 24, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence inasmuch as Supreme Court did not explain during the course of the allocution concerning the waiver of the right to appeal that he was waiving the right to appeal any issue regarding the severity of the sentence (*see People v Maracle*, 19 NY3d 925, 928; *People v Peterson*, 111 AD3d 1412, 1412). Furthermore, although the written waiver of the right to appeal specifically encompassed any challenge to the sentence, the written waiver does not foreclose our review of the severity of the sentence because "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (*People v Bradshaw*, 18 NY3d 257, 262; *see People v Elmer*, 19 NY3d 501, 510). We nevertheless conclude that the enhanced sentence is not unduly harsh or severe. Although the court advised defendant at the time of the plea that it would sentence him to a split sentence of local incarceration and probation, that commitment was predicated on defendant's compliance with the conditions that, inter alia, he cooperate with and be truthful during his presentence interview with the Probation Department and that he appear at all court appearances,

and defendant failed to comply with those conditions.