# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**21**
**KA 13-01756**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

SAMUEL J. SAELI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (THOMAS B. LITSKY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 19, 2013. The judgment convicted defendant, upon his plea of guilty, of offering a false instrument for filing in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of offering a false instrument for filing in the first degree (Penal Law former § 175.35). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. "[N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" (*People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076; *see People v Maracle*, 19 NY3d 925, 928; *People v Peterson*, 111 AD3d 1412, 1412). Although defendant executed a written waiver of the right to appeal in which he waived "any and all sentencing matters," we conclude that the written waiver "does not foreclose our review of the severity of the sentence because [Supreme Court] 'did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it' " (*People v Donaldson*, 130 AD3d 1486, 1486-1487, quoting *People v Bradshaw*, 18 NY3d 257, 262). We nevertheless conclude that the sentence of 6 months of incarceration and 5 years of probation is not unduly harsh or severe. Defendant has completed serving the term of incarceration, and the period of probation is precisely what defense counsel requested at sentencing. In any event, we conclude that the sentence is appropriate in light of defendant's

criminal history and the favorable nature of the plea bargain.