■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT P. SANFORD, Appellant. [30 NYS3d 440]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 30, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). We agree with defendant that the waiver of the right to appeal was not valid inasmuch as the "inquiry made by [County] Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to

ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Beaver*, 128 AD3d 1493, 1494 [2015] [internal quotation marks omitted]; *see People v McCullars*, 117 AD3d 1480, 1480-1481 [2014], *lv denied* 23 NY3d 1040 [2014]). Although defendant signed a written waiver of the right to appeal, "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (*People v Bradshaw*, 18 NY3d 257, 262 [2011]; *see People v Donaldson*, 130 AD3d 1486, 1486-1487 [2015]; *Beaver*, 128 AD3d at 1494). In any event, a valid waiver of the right to appeal would not preclude defendant's contention that his plea was not knowing, intelligent and voluntary (*see People v Wisniewski*, 128 AD3d 1481, 1481 [2015], *lv denied* 26 NY3d 937 [2015]), but defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Laney*, 117 AD3d 1481, 1482 [2014]). Furthermore, this case does not fall within the rare exception to the preservation requirement inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Brinson*, 130 AD3d 1493, 1493 [2015], *lv denied* 26 NY3d 965 [2015]).

Finally, we conclude that defendant's contentions that his attorney at the time of his plea had a conflict of interest and that the attorney was ineffective because of that conflict concern matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Jackson*, 108 AD3d 1079, 1079 [2013], *lv denied* 22 NY3d 997 [2013]; *People v Pagan*, 12 AD3d 1143, 1144 [2004], *lv denied* 4 NY3d 766 [2005]). Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.