# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

319
KA 14-01511
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

BRYANT P. SANFORD, DEFENDANT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H.
Martusewicz, J.), rendered June 30, 2014. The judgment convicted
defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of burglary in the third degree (Penal Law
§ 140.20). We agree with defendant that the waiver of the right to
appeal was not valid inasmuch as the "inquiry made by [County] Court
was insufficient to establish that the court engage[d] the defendant
in an adequate colloquy to ensure that the waiver of the right to
appeal was a knowing and voluntary choice" (*People v Beaver*, 128 AD3d
1493, 1494 [internal quotation marks omitted]; *see People v McCullars*,
117 AD3d 1480, 1480-1481, *lv denied* 23 NY3d 1040). Although defendant
signed a written waiver of the right to appeal, "[t]he court did not
inquire of defendant whether he understood the written waiver or
whether he had even read the waiver before signing it" (*People v
Bradshaw*, 18 NY3d 257, 262; *see People v Donaldson*, 130 AD3d 1486,
1486-1487; *Beaver*, 128 AD3d at 1494). In any event, a valid waiver of
the right to appeal would not preclude defendant's contention that his
plea was not knowing, intelligent and voluntary (*see People v
Wisniewski*, 128 AD3d 1481, 1481, *lv denied* 26 NY3d 937), but defendant
failed to preserve that contention for our review because he did not
move to withdraw the plea or to vacate the judgment of conviction (*see
People v Laney*, 117 AD3d 1481, 1482). Furthermore, this case does not
fall within the rare exception to the preservation requirement
inasmuch as nothing in the plea colloquy casts significant doubt on
defendant's guilt or the voluntariness of the plea (*see People v
Lopez*, 71 NY2d 662, 666; *People v Brinson*, 130 AD3d 1493, 1493, *lv
denied* 26 NY3d 965).

Finally, we conclude that defendant's contentions that his attorney at the time of his plea had a conflict of interest and that the attorney was ineffective because of that conflict concern matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Jackson*, 108 AD3d 1079, 1079, *lv denied* 22 NY3d 997; *People v Pagan*, 12 AD3d 1143, 1144, *lv denied* 4 NY3d 766).

Entered:  April 29, 2016                      Frances E. Cafarell
                                              Clerk of the Court