# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1092**
**KA 15-00490**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

BERNARD GRUCZA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

BERNARD GRUCZA, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 24, 2014. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant's contention in his main and pro se supplemental briefs that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. "[N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence" (*People v Pimental*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076, citing *People v Maracle*, 19 NY3d 925, 928; *see People v Gibson*, 134 AD3d 1517, 1518, *lv denied* 27 NY3d 1069). Although defendant executed a written waiver of the right to appeal in which he waived "all aspects of [the] case, including the sentence," we conclude that the written waiver "does not foreclose our review of the severity of the sentence because '[Supreme Court] did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it' " (*People v Donaldson*, 130 AD3d 1486, 1486-1487, quoting *People v Bradshaw*, 18 NY3d 257, 262). We nevertheless reject defendant's contention in his main and pro se supplemental briefs that the bargained-for sentence is unduly harsh

and severe.

Entered: December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court