■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIERRA CLARK, Appellant. [53 NYS3d 850]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 9, 2014. The judgment convicted defendant, upon her plea of guilty, of rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of two counts of rape in the first degree (Penal Law § 130.35 [3]). We agree with defendant that her waiver of the right to appeal is invalid and thus does not preclude her challenge on appeal to the severity of the sentence. Although the record reflects that defendant executed a written waiver of the right to appeal, County Court "did not inquire of defendant whether [s]he understood the written waiver or whether [s]he had even read the waiver before signing it" (*People v Grucza*, 145 AD3d 1505, 1506 [2016] [internal quotation marks omitted]). Thus, the record establishes that the court failed to ensure that "defendant . . . entered a knowing, intelligent and voluntary appeal waiver" (*People v Bradshaw*, 18 NY3d 257, 265 [2011]; *see People v Lopez*, 6 NY3d 248, 256 [2006]). We nevertheless reject defendant's contention that the bargained-for sentence is unduly harsh and severe. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL NAHALKA, Appellant. [53 NYS3d 850]—Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), entered September 24, 2015. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

Now, upon reading and filing the stipulation of discontinuance signed by the defendant on May 5, 2017, and by the attorneys for the parties on May 9 and 10, 2017,

It is hereby ordered that said appeal is unanimously dismissed upon stipulation. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.