People v Mobayed (2018 NY Slip Op 00773)





People v Mobayed


2018 NY Slip Op 00773


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1541 KA 16-01334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRAIG MOBAYED, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTOPHER BOKELMAN, ACTING DISTRICT ATTORNEY, LYONS (TIMOTHY G. CHAPMAN OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered March 24, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [4]). We note at the outset that defendant's purported waiver of the right to appeal is invalid. County Court failed to obtain a knowing and voluntary waiver of the right to appeal at the time of the plea (see People v Brown, 148 AD3d 1562, 1562-1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). Moreover, even if it had occurred at the time of the plea, the inquiry made by the court when defendant purportedly waived his right to appeal after sentencing in the combined plea and sentencing proceeding was "insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Sanford, 138 AD3d 1435, 1435-1436 [4th Dept 2016] [internal quotation marks omitted]). Defendant also signed a written waiver of the right to appeal at that time, but "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see Sanford, 138 AD3d at 1436).
Although a valid waiver of the right to appeal would not preclude defendant's challenge to the voluntariness of his plea, defendant failed to preserve that challenge for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (see Sanford, 138 AD3d at 1436). In People v Lopez (71 NY2d 662 [1988]), however, the Court of Appeals carved out a narrow exception to the preservation requirement for the "rare case" in which "the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," thereby imposing upon the trial court "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (id. at 666). This case does not fall within that exception. Nothing defendant said during the plea colloquy itself raised the possibility that the affirmative defense under Penal Law § 160.15 (4) was applicable (see People v Vogt, 150 AD3d 1704, 1705 [4th Dept 2017]; People v Masterson, 57 AD3d 1443, 1443 [4th Dept 2008]) and, contrary to defendant's contention, we conclude that the court had no duty to conduct an inquiry concerning the affirmative defense based upon comments made by defendant during the sentencing portion of the proceeding (see Vogt, 150 AD3d at 1705; People v Garbarini, 64 AD3d 1179, 1179 [4th Dept 2009], lv denied 13 NY3d 744 [2009]; but see People v Gresham, 151 AD3d 1175, 1177-1178 [3d Dept 2017]).
Finally, inasmuch as the certificate of conviction and uniform sentence and commitment form incorrectly reflect that defendant was sentenced as a second felony offender, they must be amended to reflect that he was sentenced as a second violent felony offender (see People v Carducci, 143 AD3d 1260, 1263 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court