People v Miller (2018 NY Slip Op 01798)





People v Miller


2018 NY Slip Op 01798


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


343 KA 15-01388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN MILLER, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY R. FRIESEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 7, 2015. The judgment convicted defendant upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. " [N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence' " (People v Grucza, 145 AD3d 1505, 1506 [4th Dept 2016]; see People v Maracle, 19 NY3d 925, 928 [2012]). "Furthermore, [a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [County] Court and defendant regarding the waiver of the right to appeal to ensure that' defendant was aware that it encompassed his challenge to the severity of the sentence" (People v Avellino, 119 AD3d 1449, 1449-1450 [4th Dept 2014]). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court