People v Lewis (2018 NY Slip Op 03296)





People v Lewis


2018 NY Slip Op 03296


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


619 KA 15-01509

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KELLEE L. LEWIS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered August 3, 2015. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and, in appeal No. 2, she appeals from a judgment convicting her upon her plea of guilty of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The two pleas were entered in a single plea proceeding. In each appeal, defendant contends that her waiver of the right to appeal is not valid, and she challenges the severity of the sentence. Although we agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see People v Hamilton, 49 AD3d 1163, 1164 [4th Dept 2008]), we nevertheless conclude that the sentence in each appeal is not unduly harsh or severe.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court