People v Kinsey (2018 NY Slip Op 04240)





People v Kinsey


2018 NY Slip Op 04240


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


775 KA 16-01492

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORBIN J. KINSEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered August 11, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree (two counts) and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends that the waiver of the right to appeal is not valid, and he challenges the severity of the sentence. We agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by Supreme Court was "insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see People v Hamilton, 49 AD3d 1163, 1164 [4th Dept 2008]). Although defendant also signed a written waiver of the right to appeal, "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court