People v Nicpon (2019 NY Slip Op 01893)





People v Nicpon


2019 NY Slip Op 01893


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


70 KA 17-00360

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JULIE NICPON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (David W. Foley, A.J.), rendered December 19, 2016. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]). We agree with defendant that her "waiver of the right to appeal does not encompass [her] challenge to the severity of the sentence because no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal' with respect to [her] conviction that [she] was also waiving [her] right to appeal any issue concerning the severity of the sentence" (People v Peterson, 111 AD3d 1412, 1412 [4th Dept 2013]; see People v Grucza, 145 AD3d 1505, 1506 [4th Dept 2016]; see generally People v Maracle, 19 NY3d 925, 928 [2012]). Although defendant executed a written waiver of the right to appeal in which she specifically waived her right to appeal "all aspects of [her] case, including the severity of the sentence," we conclude that the written waiver does not preclude our review of the severity of the sentence inasmuch as County Court "did not inquire of defendant whether [she] understood the written waiver or whether [she] had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see Grucza, 145 AD3d at 1506; People v Saeli, 136 AD3d 1290, 1291 [4th Dept 2016]). We nevertheless conclude that the sentence is not unduly harsh or severe.
We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted of grand larceny in the second degree under Penal Law § 155.50 (1), and it must therefore be amended to reflect that she was convicted under Penal Law § 155.40 (1) (see People v Green, 132 AD3d 1268, 1269 [4th Dept 2015], lv denied 27 NY3d 1069 [2016], reconsideration denied 28 NY3d 930 [2016]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court