People v Brackett (2019 NY Slip Op 05946)





People v Brackett


2019 NY Slip Op 05946


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


764 KA 17-01182

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL BRACKETT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 1, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law
§ 160.15 [2]). While we agree with defendant that the written waiver of the right to appeal does not establish a valid waiver because Supreme Court "did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Grucza, 145 AD3d 1505, 1506 [4th Dept 2016]), we nonetheless conclude that defendant validly waived his right to appeal inasmuch as the record establishes that the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). Contrary to defendant's contention, we conclude that the valid waiver encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court