People v Rhodes (2023 NY Slip Op 03572)

People v Rhodes

2023 NY Slip Op 03572

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

154 KA 20-01647

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLAY D. RHODES, JR., DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 7, 2019. The judgment convicted defendant upon his plea of guilty of robbery in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law
§ 160.10 [2] [a]) and assault in the second degree (§ 120.05 [12]). We agree with defendant that his waiver of the right to appeal was invalid because Supreme Court's "oral colloquy mischaracterized it as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver does not cure the deficient oral colloquy because the court did not inquire of defendant whether he understood the written waiver or whether he had read the waiver before signing it (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court