People v Lucas (2023 NY Slip Op 06672)

People v Lucas

2023 NY Slip Op 06672

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

973 KA 22-00343

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AARON LUCAS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 29, 2018. The judgment convicted defendant upon his plea of guilty of rape in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of rape in the first degree (Penal Law § 130.35 [1]). We agree with defendant that his waiver of the right to appeal is invalid because Supreme Court's "oral colloquy mischaracterized it as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Schlifke, 210 AD3d 1518, 1518 [4th Dept 2022], lv denied 39 NY3d 1080 [2023]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver does not cure the deficient oral colloquy because the court did not inquire of defendant whether he understood the written waiver or whether he had read the waiver before signing it (see People v Bradshaw, 18 NY3d 257, 262, 267 [2011]; People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court